**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARLOS HIBBIT,** | ) | **CASE NO.1:10CR0412** |
| | ) | **1:16CV1467** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion for Relief Under 28 U.S.C. §2255 (ECF #463). Respondent filed a Response to the Motion for Relief. (ECF #465). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

Petitioner pled guilty to Conspiracy to Possess With Intent to Distribute and to Distribute Cocaine and Crack Cocaine. At sentencing, Petitioner was found to be a Career Offender pursuant to the United States Sentencing Guidelines ("USSG") § 4B1.1 based on two predicate offenses; Felonious Assault and Aggravated Burglary,

1

and was sentenced to 144 months incarceration. The Court of Appeals affirmed Petitioner's sentence on March 8, 2013. On June 14, 2016, Petitioner filed the instant Petition for Relief Under 28 U.S.C. § 2255, asserting that his sentence should be vacated pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Respondent correctly concludes that the Supreme Court's decision in *Johnson* does not entitle Petitioner to post-conviction relief from his career offender Sentencing Guidelines-based sentence under 28 U.S.C. § 2255. *Johnson* does not apply to Guidelines-based sentences in Section 2255 or other collateral attack actions because, as to the Guidelines, *Johnson* is a non-watershed new procedural rule that does not

2

apply retroactively under *Teague v. Lane*, 489 U.S. 288 (1989).

The Court agrees that *Johnson* does not apply retroactively on collateral attack in Sentencing Guidelines cases because it creates procedural rather than substantive changes in the sentencing process. Under *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion) and its progeny, new rules of criminal procedure do not apply retroactively to cases that became final before the issuance of the decision announcing the rule.

The Supreme Court decision in *Welch v. United States*, 135 S. Ct. 1257 (2016) addressed whether *Johnson* applies retroactively as a substantive rule in Armed Career Criminal Act ("ACCA") cases. The *Welch* opinion did not consider whether *Johnson* applies to sentences based upon the Sentencing Guidelines. All Guidelines sentences must be no more than the statutory maximum. As to Guidelines-based sentences, therefore, *Johnson* does not alter the permissible statutory range of sentencing outcomes. In the context of the Sentencing Guidelines, as opposed to the ACCA, *Johnson* does not act substantively.

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the advisory Guidelines' residual clause remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the advisory Guidelines, unlike the Armed Career Criminal Act, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892.

3

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

| | |
|---|---|
| <u>June 7, 2017</u> | <u>s/Christopher A. Boyko</u> |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |